

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

20__ SEP 22  AM 11: 54

# JURY INSTRUCTIONS

# *United States v. Hankins*, 1:05CR-21-R

# INSTRUCTION NO. *1*

## Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

2

The Defendant has been charged with six crimes in this case.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges, **except as I will explain below.**

## INSTRUCTION NO. 2

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the Defendant has pleaded not guilty to the crime charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells a defendant what crime she is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a defendant is innocent. This presumption of innocence stays with the Defendant unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that she is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that she is innocent. It is up to the Government to prove that a defendant is guilty, and this burden stays on the Government from start to finish. You must find a defendant not guilty unless the Government convinces you beyond a reasonable doubt that she is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

# INSTRUCTION NO. 3

## Count 1 - 21 U.S.C. §841(a)(1)

Count 1 of the indictment accuses the defendant of knowingly or intentionally manufacturing 100 or more marijuana plants on or about July 27, 2004, in violation of federal law. Title 21, United States Code, Section 841(a)(1) makes it a crime to knowingly or intentionally manufacture a controlled substance. Marijuana plants are controlled substances.

First, for you to find the defendant guilty of this crime, you must be convinced that the government has proved each and everyone of the following elements beyond a reasonable doubt:

That the defendant knowingly or intentionally manufactured marijuana.

To "manufacture" means to produce, prepare, propagate, compound or process a drug or other substance, either directly on indirectly or by extraction from substances of natural origin, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of such substance or labeling or re-labeling of its container. Growing marijuana plants is manufacturing.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have reasonable doubt about anyone of these elements, then you must find the defendant not guilty of this charge.

# INSTRUCTION NO. 6

## Count 2 - Possessing a Firearm in Furtherance of a Crime of Violence or Drug Trafficking Crime - 18 U.S.C. §924(c)(1)(A)(i)

Count 2 of the Indictment charges the defendant with violating federal law by possessing a firearm(s) in furtherance of a drug trafficking crime on or about July 27, 2004.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

A. First: That the defendant committed the crime charged in Count 1.  Count 1 is a drug trafficking crime that may be prosecuted in a court of the United States.

B. Second: That the defendant knowingly possesses a firearm(s).

C. Third: That the possession of the firearm(s) was in furtherance of the crime charged in Count 1.

Now I will give you more detailed instructions on some of these terms.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  The term "firearm" also includes the frame or receiver of any such weapon, and any firearm muffler or firearm silencer, and any destructive device. The term firearm includes starter guns.  The firearm need not be loaded.

"Knowingly" means voluntarily & intentionally & not because of mistake or accident.

The term possession is defined in instructions        .

The defendant does not have to own the firearm(s) in order to possess the firearm(s).

The term "in furtherance of" means that the firearm(s) was possessed to advance or promote the crime charged in Count 1 and that the firearms(s) was strategically located so that it was quickly

8

and easily available for use.  The defendant's sole purpose in possessing the firearm need not be furthering the drug trafficking crime.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 4

### Count 1 - Aiding and Abetting

For you to find the defendant guilty of Count 1, it is not necessary for you to find that he personally committed the crime himself. You may also find him guilty if he intentionally helped (or encouraged) someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the defendant guilty of Count 1 as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

A. First, that the crime of manufacturing marijuana plants was committed.

B. Second, that the defendant helped to commit the crime (or encouraged someone else to commit the crime).

C. And third, that the defendant intended to help commit (or encourage) the crime.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help (or encourage) the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of Count 1 as an aider and abettor.

## INSTRUCTION NO. 5

### Special Interrogatory to Count 1

If you find that the United States has proven, beyond a reasonable doubt, all the elements relative to Count 1 of the indictment, that is, that the defendant charged in the count did knowingly or intentionally manufacture marijuana, as charged in Count 1 of the Indictment, you must also decide if the quantity of the marijuana plants that the defendant manufactured 100 plants or more, or that the defendant aided and abetted in the manufacturing of 100 plants or more.

# INSTRUCTION NO. 7

## Count 3 - Threatening to kill and/or cripple with the intent to retaliate - 18 U.S.C. §1513(b)

Count 3 of the indictment charges the defendant with violating federal law between on or about November 8, 2004, and November 18, 2004, by knowingly threatening to kill and/or cripple Director Jim Devasher with the intent to retaliate against him for providing information to a law enforcement officer to relating to a commission or possible commission of a Federal offense.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

A. First: That the defendant knowingly threatened to cause bodily injury to director Jim Devasher in retaliation for Director Devasher providing information to a law enforcement officer relating to the commission or possible commission of a Federal offense.

B. Second: That the defendant threatened to cause bodily injury to Director Jim Devasher in retaliation for Director Devasher providing information to a law enforcement officer relating to the commission or possible commission of a Federal offense.

Now I will give you more detailed instructions on some of these terms.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

The term "bodily injury" means-

A. a cut, abrasion, bruise, burn or disfigurement;

B. physical pain;

C. illness;

D. impairment of the function of a bodily member, organ, or mental faculty; or

E. any other injury to the body, no matter how temporary

### DEFENSE OF ENTRAPMENT

(1) One of the questions in this case is whether the defendant was entrapped.

(2) Entrapment has two related elements. One is that the defendant was not already willing to commit the crime. The other is that the government, or someone acting for the government, induced or persuaded the defendant to commit it.

(3) If the defendant was not already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, and the government persuaded him to commit it, that would be entrapment. But if the defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, and the government persuaded him to commit it, that would not be entrapment, even if the government provided him with a favorable opportunity to commit the crime, or made the crime easier, or participated in the crime in some way.

(4) It is sometimes necessary during an investigation for a government agent to pretend to be a criminal, and to offer to take part in a crime. This may be done directly, or the agent may have to work through an informer or decoy. This is permissible, and more is not entrapment. The crucial question in entrapment cases is whether the government persuaded a defendant who was not already willing to commit a crime to go ahead and commit it.

(5) The government has the burden of proving beyond a reasonable doubt that the defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government. Let me suggest some things that you may consider in deciding whether the government has proved this:

A. Ask yourself what the evidence shows about the defendant's character and reputation.

B. Ask yourself if the idea of committing the crime originated with or came from the

government.

      C. Ask yourself if the defendant took part in the crime for profit.

      D. Ask yourself if the defendant took part in any similar activity with anyone else before or afterwards.

      E. Ask yourself if the defendant showed any reluctance to commit the crime and, if he did, whether he was overcome by government persuasion.

      F. And ask yourself what kind of persuasion and how much persuasion the government used.

      (6) Consider all the evidence, and decide if the government has proved that the defendant was already willing to commit the crime. Unless the government proves this beyond a reasonable doubt, you must find the defendant not guilty.

      If you are convinced that the government has proved all of these elements, and the defendant was not entrapped, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, or if you believe that he was entrapped, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 8

**Count 4 - Threatening to kill and/or cripple with the intent to retaliate - 18 U.S.C. §1513(b)**

Count 4 of the indictment charges the defendant with violating federal law between on or about November 8, 2004, and November 18, 2004, by knowingly threatening to kill and/or cripple Sheriff Wallace Whittaker with the intent to retaliate against him for providing information to a law enforcement officer relating to a commission or possible commission of a Federal offense.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

A. First: That the defendant knowingly threatened to cause bodily injury to Sheriff Whittaker.

B. Second: That the defendant threatened to cause bodily injury to Sheriff Whittaker in retaliation for Sheriff Whittaker providing information to a law enforcement officer relating to the commission or possible commission of a Federal offense.

Now I will give you more detailed instructions on some of these terms.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

The term "bodily injury" means-

A. a cut, abrasion, bruise, burn or disfigurement;

B. physical pain;

C. illness;

D. impairment of the function of a bodily member, organ, or mental faculty; or

E. any other injury to the body, no matter how temporary

## DEFENSE OF ENTRAPMENT

(1) One of the questions in this case is whether the defendant was entrapped.

(2) Entrapment has two related elements.  One is that the defendant was not already willing to commit the crime.  The other is that the government, or someone acting for the government, induced or persuaded the defendant to commit it.

(3) If the defendant was not already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, and the government persuaded him to commit it, that would be entrapment.  But if the defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, and the government persuaded him to commit it, that would not be entrapment, even if the government provided him with a favorable opportunity to commit the crime, or made the crime easier, or participated in the crime in some way.

(4) It is sometimes necessary during an investigation for a government agent to pretend to be a criminal, and to offer to take part in a crime.  This may be done directly, or the agent may have to work through an informer or decoy.  This is permissible, and more is not entrapment.  The crucial question in entrapment cases is whether the government persuaded a defendant who was not already willing to commit a crime to go ahead and commit it.

(5) The government has the burden of proving beyond a reasonable doubt that the defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government.  Let me suggest some things that you may consider in deciding whether the government has proved this:

A. Ask yourself what the evidence shows about the defendant's character and reputation.

B. Ask yourself if the idea of committing the crime originated with or came from the

government.

      C. Ask yourself if the defendant took part in the crime for profit.

      D. Ask yourself if the defendant took part in any similar activity with anyone else before or afterwards.

      E. Ask yourself if the defendant showed any reluctance to commit the crime and, if he did, whether he was overcome by government persuasion.

      F. And ask yourself what kind of persuasion and how much persuasion the government used.

      (6) Consider all the evidence, and decide if the government has proved that the defendant was already willing to commit the crime.  Unless the government proves this beyond a reasonable doubt, you must find the defendant not guilty.

      If you are convinced that the government has proved all of these elements, and the defendant was not entrapped, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, or if you believe that he was entrapped, then you must find the defendant not guilty of this charge.

# INSTRUCTION NO. 9

### Count 5 - Soliciting another person to kill and/or cripple - 18 U.S.C. §373

Count 5 of the Indictment charges the defendant with violating federal law between on or about November 8, 2004 and November 18, 2004, with soliciting, commanding, inducing and/or otherwise endeavoring to persuade another person to kill and/or cripple Director Jim Devasher under circumstances strongly corroborative of that intent.

For you to find the defendant guilty of this crime, you must find that the government has proved each and everyone of the following elements beyond a reasonable doubt:

A. First: That the defendant solicited, commanded, induced and/or otherwise endeavored to persuade another person to kill and/or cripple Director Jim Devasher.

B. Second: That the conduct the defendant solicited, commanded, induced and/or otherwise endeavored to persuade another person to engage in, to wit, to kill and/or cripple Director Jim Devasher, constitutes a felony that has as an element the use, attempted use, and threatened use of physical force against the person of another in violation of the laws of the United States. Retaliating against a witness and murder for hire constitute felonies under the laws of the United States that have as an element the use, attempted use and threatened use of physical force against the person of another.

C. Third: That the defendant solicited, commanded, induced and/or otherwise endeavored to persuade another person with the intent that they engage in the proscribed conduct (kill and/or cripple Director Jim Devasher) under circumstances strongly corroborative of that intent.

### DEFENSE OF ENTRAPMENT

(1) One of the questions in this case is whether the defendant was entrapped.

(2) Entrapment has two related elements. One is that the defendant was not already willing to commit the crime. The other is that the government, or someone acting for the government, induced or persuaded the defendant to commit it.

(3) If the defendant was not already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, and the government persuaded him to commit it, that would be entrapment. But if the defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, and the government persuaded him to commit it, that would not be entrapment, even if the government provided him with a favorable opportunity to commit the crime, or made the crime easier, or participated in the crime in some way.

(4) It is sometimes necessary during an investigation for a government agent to pretend to be a criminal, and to offer to take part in a crime. This may be done directly, or the agent may have to work through an informer or decoy. This is permissible, and more is not entrapment. The crucial question in entrapment cases is whether the government persuaded a defendant who was not already willing to commit a crime to go ahead and commit it.

(5) The government has the burden of proving beyond a reasonable doubt that the defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government. Let me suggest some things that you may consider in deciding whether the government has proved this:

A. Ask yourself what the evidence shows about the defendant's character and reputation.

B. Ask yourself if the idea of committing the crime originated with or came from the

government.

C. Ask yourself if the defendant took part in the crime for profit.

D. Ask yourself if the defendant took part in any similar activity with anyone else before or afterwards.

E. Ask yourself if the defendant showed any reluctance to commit the crime and, if he did, whether he was overcome by government persuasion.

F. And ask yourself what kind of persuasion and how much persuasion the government used.

(6) Consider all the evidence, and decide if the government has proved that the defendant was already willing to commit the crime. Unless the government proves this beyond a reasonable doubt, you must find the defendant not guilty.

If you are convinced that the government has proved all of these elements, and the defendant was not entrapped, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, or if you believe that he was entrapped, then you must find the defendant not guilty of this charge.

## DEFENSE OF RENUNCIATION

A. It is also an affirmative defense to a prosecution under Count 5 of the indictment if, under circumstances manifesting a voluntary and complete renunciation of his criminal intent, the defendant prevented the commission of the crime solicited. A renunciation is not "voluntary and complete" if it is motivated in whole or in part by a decision to postpone the commission of the crime until another time or substitute another victim or another but similar objective. If you find by a preponderance of the evidence that the Defendant voluntarily and completely renounced his intent to proceed with the crime of solicitation, you will find him not guilty under Count 5.

If you are convinced that the government has proved all of these elements, and the defendant

was not entrapped or renounced his intention to solicit, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, or if you believe that he was entrapped or believe that he renounced his intention to solicit, then you must find the defendant not guilty of this charge.

# INSTRUCTION NO. *10*

## Count 6 - Soliciting another person to kill and/or cripple - 18 U.S.C. §373

Count 6 of the Indictment charges the defendant with violating federal law between on or about November 8, 2004 and November 18, 2004, with soliciting, commanding, inducing and/or otherwise endeavoring to persuade another person to kill and/or cripple Sheriff Wallace Whittaker under circumstances strongly corroborative of that intent.

For you to find the defendant guilty of this crime, you must find that the government has proved each and everyone of the following elements beyond a reasonable doubt:

A. First: That the defendant solicited, commanded, induced and/or otherwise endeavored to persuade another person to kill and/or cripple Sheriff Wallace Whittaker.

B. Second: That the conduct the defendant solicited, commanded, induced and/or otherwise endeavored to persuade another person to engage in, to wit, to kill and/or cripple Sheriff Wallace Whittaker, constitutes a felony that has as an element the use, attempted use, and threatened use of physical force against the person of another in violation of the laws of the United States. Retaliating against a witness and murder for hire constitute felonies under the laws of the United States that have as an element the use, attempted use and threatened use of physical force against the person of another.

C. Third: That the defendant solicited, commanded, induced and/or otherwise endeavored to persuade another person with the intent that they engage in the proscribed conduct (kill and/or cripple Sheriff Wallace Whittaker) under circumstances strongly corroborative of that intent.

## DEFENSE OF ENTRAPMENT

(1) One of the questions in this case is whether the defendant was entrapped.

(2) Entrapment has two related elements. One is that the defendant was not already willing to commit the crime. The other is that the government, or someone acting for the government, induced or persuaded the defendant to commit it.

(3) If the defendant was not already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, and the government persuaded him to commit it, that would be entrapment. But if the defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, and the government persuaded him to commit it, that would not be entrapment, even if the government provided him with a favorable opportunity to commit the crime, or made the crime easier, or participated in the crime in some way.

(4) It is sometimes necessary during an investigation for a government agent to pretend to be a criminal, and to offer to take part in a crime. This may be done directly, or the agent may have to work through an informer or decoy. This is permissible, and more is not entrapment. The crucial question in entrapment cases is whether the government persuaded a defendant who was not already willing to commit a crime to go ahead and commit it.

(5) The government has the burden of proving beyond a reasonable doubt that the defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government. Let me suggest some things that you may consider in deciding whether the government has proved this:

A. Ask yourself what the evidence shows about the defendant's character and reputation.

B. Ask yourself if the idea of committing the crime originated with or came from the

government.

C. Ask yourself if the defendant took part in the crime for profit.

D. Ask yourself if the defendant took part in any similar activity with anyone else before or afterwards.

E. Ask yourself if the defendant showed any reluctance to commit the crime and, if he did, whether he was overcome by government persuasion.

F. And ask yourself what kind of persuasion and how much persuasion the government used.

(6) Consider all the evidence, and decide if the government has proved that the defendant was already willing to commit the crime. Unless the government proves this beyond a reasonable doubt, you must find the defendant not guilty.

If you are convinced that the government has proved all of these elements, and the defendant was not entrapped, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, or if you believe that he was entrapped, then you must find the defendant not guilty of this charge.

## DEFENSE OF RENUNCIATION

A. It is also an affirmative defense to a prosecution under Count 6 of the indictment if, under circumstances manifesting a voluntary and complete renunciation of his criminal intent, the defendant prevented the commission of the crime solicited. A renunciation is not "voluntary and complete" if it is motivated in whole or in part by a decision to postpone the commission of the crime until another time or substitute another victim or another but similar objective. If you find by a preponderance of the evidence that the Defendant voluntarily and completely renounced his intent to proceed with the crime of solicitation, you will find him not guilty under Count 6.

If you are convinced that the government has proved all of these elements, and the defendant

was not entrapped or renounced his intention to solicit, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, or if you believe that he was entrapped or believe that he renounced his intention to solicit, then you must find the defendant not guilty of this charge.

# INSTRUCTION NO. //

## Actual and Constructive Possession

1. Next, I want to explain to you something about possession. The government does not have to prove that the defendant physically possessed the item(s) in question for you to find him guilty of this crime. The law recognizes two kinds of possession - actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

2. To establish actual possession, the government must prove that the defendant had direct, physical control over the item(s) in question and knew that he had control of it.

3. To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the item(s) in question, and knew that he had this right, and that he intended to exercise physical control over the item(s) in question at some time, either directly or through other persons.

4. For example, if you left something with a friend intending to come back later and pick it up or intended to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

5. But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is for all of you to decide.

## INSTRUCTION NO. 12

### Joint Possession

1. One more thing about possession. The government does not have to prove that the defendant was the only one who had possession of the item(s) in question. Two or more people can together share actual or constructive possession over property. And if they do, they are both considered to have possession as far as the law is concerned.

2. But remember that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the item(s), and knew that he did, for you to find him guilty of this crime. This, again, is for all of you to decide.

# INSTRUCTION NO. *13*

You have heard the testimonies of James Chick and Willis Haley.  You have also heard that before this trial each was convicted of a crime.  These earlier convictions were brought to your attention only as one way of helping you decide how believable each of their testimonies were.  Do not use it for any other purpose.  It is not evidence of anything else.

# INSTRUCTION NO. 14

You have heard the testimony of James Chick. You have heard that an agent for the Bureau of Alcohol Tobacco and Firearms promised him he would inform the United States Attorney's Office of any assistance Mr. Chick provided to the Bureau of Alcohol Tobacco and Firearms in its investigation of the crime.

It is permissible for the government to make such a promise. But you should consider Mr. Chick's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

# INSTRUCTION NO. *15*

You have heard the testimony of Mr. McMurtry and Mr. Clayton concerning statements they say were made to them by Mr. Lonnie "Slim" Richardson concerning marijuana.  Mr. Richardson is deceased and unavailable to testify.  Therefore, he is not able to admit or deny that he made those statements.   Likewise,  if he were alive and able to testify, the government would have the opportunity to cross-examine him about those statements, as would the defense.

You can believe Mr. Slim Richardson made some of those statements, all of those statements, or that Mr. Richardson made none of those statements.  However, you should consider all of this in making that determination.

## INSTRUCTION NO. / $\mathsf{L}$

You have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

# INSTRUCTION NO. 17

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 18

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

# INSTRUCTION NO. *19*

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 2 0

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 21

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

# INSTRUCTION NO. 22

If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours.

Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

# INSTRUCTION NO. 23

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

# INSTRUCTION NO. 24

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the Defendant guilty beyond a reasonable doubt.

**INSTRUCTION NO. 25**

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the Defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves the Defendant's guilt beyond a reasonable doubt.

To find the Defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 2 ᴸ

Remember that the Defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the Government has proved the crimes charged beyond a reasonable doubt.

# INSTRUCTION NO. 27

I have prepared a verdict form that you should use to record your verdict.

If you decide that the Government has proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the Government has not proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and return it to me.

# INSTRUCTION NO. 28

Let me finish by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the Defendant guilty beyond a reasonable doubt.